**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY FIELDS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>R.C. JOHNSON, Warden,<br><br>　　　　　　Respondent. | Case No. 2:19-cv-02549-SVW (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has raised objections. Petitioner's request for an extension of time to file objections (ECF No. 33) is denied as moot. Moreover, for the reasons stated below, Petitioner's objections are overruled.

　　　　Petitioner objects that the California courts never gave a reasoned decision addressing his claims of ineffective assistance of counsel, and that the California courts should be ordered to do so. (Objections [ECF No. 32] at 2-4.) The Court has no authority to order such relief. "[F]ederal courts have no authority to impose mandatory opinion-writing standards on state courts." *Johnson v. Williams*, 568

U.S. 289, 300 (2013). And although Petitioner further contends that he raised an ineffective assistance of counsel claim on direct appeal that went unaddressed by the California courts, the record shows, to the contrary, that Petitioner did not raise a freestanding claim of ineffective assistance of counsel on direct appeal. (Lodgment No. 6 at 3-7.) Rather, he raised such a claim in his state habeas petition before the California Supreme Court (Lodgment No. 12 at 5, 7), which summarily denied it (Lodgment No. 13). The mere fact that the California Supreme Court issued a summary denial on collateral review, without a statement of reasons, affords no basis for federal habeas relief. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("[R]equiring a statement of reasons could undercut state practices designed to preserve the integrity of the case-law tradition. The issuance of summary dispositions in many collateral attack cases can enable a state judiciary to concentrate its resources on the cases where opinions are most needed.").

Next, Petitioner asserts that his counsel was ineffective at trial for a number of reasons. These reasons are discussed thoroughly in the Magistrate Judge's Report and Recommendation. However, in light of Petitioner's objections, the Court emphasizes a number of points that bear repeating.

First, Petitioner objects that his counsel failed to call witnesses on his behalf during the trial. (ECF No. 32 at 6.) As discussed in the Report, even if Petitioner had proven that such witnesses were willing to testify (which he did not prove), Petitioner failed to rebut the presumption that counsel exercised reasonable professional judgment in declining to call witnesses. Moreover, Petitioner fails to establish prejudice: testimony by potential witnesses Fred Castillo, Cornell Hamptom, or Rashawn Mason that they saw a red or burgundy car drive by near the time of the shooting would only challenge eyewitness testimony that there were no other cars driving by the crime scene at this time. It does not challenge other critical portions of testimony by the main eyewitness Watson, who identified Petitioner as the person who backed out of the victim's car immediately after the

shots were fired, described Petitioner's appearance by age and gait, and identified Petitioner's car by license plate as it drove away.  It also does not challenge the positive identification of Petitioner's car by eyewitnesses Jessie and Stinson.

Further, the proposed testimony would be cumulative of a 911 call made by Stinson shortly after the incident.  This call, in which Mason can be heard referring to a burgundy car driving by, was played before the jury.  In other words, the jury heard the evidence that Petitioner claims would have cast a reasonable doubt concerning his guilt or innocence.  *See Tinsley v. Borg*, 895 F.2d 520, 532 (9th Cir. 1990).  Thus, Petitioner does not point to any evidence or proposed testimony from these three witnesses creating a reasonable probability of a different outcome.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Second, Petitioner objects that his counsel was ineffective for failing to explain to the jury that the evidence of a jailhouse phone call between Petitioner and his girlfriend involved a discussion about Petitioner's arrest for buying drugs, rather than an admission of premeditation for murder. (ECF No. 32 at 4-6.)  At trial, Petitioner's counsel pointed out to the jury the ambiguity in the jailhouse phone call.  Although Petitioner's girlfriend offered a declaration explaining the jailhouse phone call (ECF No. 21 at 25-26), this evidence was not a part of the state court record.  Thus, contrary to Petitioner's assertion that the declaration "could have been considered" (ECF No. 32 at 5), it could not.  *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("[T]he record under review is limited to the record in existence at the same time *i.e.*, the record before the state court.").  In any event, as Petitioner apparently concedes, his girlfriend's declaration had "very little impact." (ECF No. 32 at 5.)  In her declaration, Petitioner's girlfriend did not corroborate Petitioner's assertion that the jailhouse phone call involved a discussion about his drug arrest.  To the contrary, she stated that they had "never discussed anything that has to do with any kind of criminal activity." (ECF No. 21 at 25.)  The Court cannot find that this amounts to ineffective assistance of counsel.

Finally, Petitioner's argument that his counsel was ineffective for failing to tell the jury that the murder weapon was used in another crime one year after Petitioner's arrest is unavailing. However, Petitioner cannot rebut the "strong presumption" that his counsel made a strategic decision to avoid presenting this evidence, because the murder weapon had also been used three weeks prior to the murder. *See Richter*, 562 U.S. at 109–10. Witnesses to the earlier murder described the shooter's car as similar to Petitioner's car. Moreover, cell phone records placed Petitioner in the area where the murder occurred. Thus, Petitioner's counsel likely made a reasonable strategic decision to avoid mentioning the later use of the murder weapon, so as to prevent the prosecutor from introducing the damaging evidence of the earlier murder.

In sum, Petitioner's objections (ECF No. 32) are overruled.

IT IS THEREFORE ORDERED that [1] Petitioner's request for an extension of time to file objections (ECF No. 33) is denied as moot; [2] the Report and Recommendation of the Magistrate Judge (ECF No. 27) is accepted and adopted; and [3] Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED:  January 19, 2022

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE